IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TREMAYNE DIXON, | : | MOTION TO VACATE |
| Reg. No. 63693-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:12-CR-109-WBH-GGB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:13-CV-3870-WBH-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant, Tremayne Dixon, confined in the United States Penitentiary in Atlanta, Georgia, has submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 34]. Respondent has filed a response in opposition. [Doc. 40]. For the reasons discussed below, I recommend that the motion to vacate be denied.

I.   Background

On July 9, 2012, Movant pleaded guilty to conspiracy to possess with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846. [Docs. 1 and 23]. On December 5, 2012, Movant was sentenced to 168 months of imprisonment followed by five years of supervised

release. [Doc. 27]. Movant appealed, but the Eleventh Circuit dismissed the appeal for want of prosecution on April 16, 2013. [Docs. 29 and 33].

Movant timely executed his motion to vacate on November 15, 2013. [Doc. 34 at 13]. Movant raises the following grounds: (1) counsel provided ineffective assistance by failing to challenge an alleged error in the presentence investigation report (PSR) concerning Movant's criminal history; and (2) the alleged error increased his sentence. [*Id.* at 4-5, 14-18].

II.     28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete

miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). I determine that an evidentiary hearing is not needed because the motion to vacate and the files and records of this case conclusively show that Movant is not entitled to relief.

III.  Discussion

Respondent argues that the appeal waiver in Movant's plea agreement bars the grounds in his motion to vacate. [Doc. 40 at 8-11]. Respondent cites the following excerpt of the plea agreement:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to Title 28, United States Code, Section 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or an

3

upward variance from the Sentencing Guideline range as calculated by the District Court.

[*Id.* at 3; Doc. 23-1 at 12].  Movant signed the agreement, indicating that he had (1) read and understood its terms and conditions, and (2) consented to them.  [*Id.* at 13, 14].

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily."  *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005).  "[T]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  *Id.* (quoting *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)).  A valid sentence appeal waiver "precludes . . . § 2255 claims based on ineffective assistance at sentencing."  *Id.* at 1342.

Respondent cites the following excerpt of the plea colloquy:

Q. And your appeal rights are going to be significantly diminished. They would be diminished anyhow by a plea, but as is reflected, I think, on page 12 of your agreement . . . you have told the government and the Court that unless the sentence imposed in this case would be higher than the Guideline range that is

4

          calculated in your case, that unless that happens you say you're not going to appeal the sentence, is that right?
A.    Yes, sir.
Q.    And you are also saying that later on after the fact you're not going to attack the sentence on any ground. Do you understand that? You're giving up that right.
A.    Yes.

[Doc. 38 at 8; *see also* Doc. 40 at 4-5, 10]. That excerpt shows that the District Court specifically questioned Movant concerning the sentence appeal waiver, and Movant indicated that he understood. Therefore, I determine that Movant knowingly and voluntarily waived his right to appeal and collaterally attack his conviction and sentence. The waiver bars both of Movant's grounds in his motion to vacate, regarding (1) ineffective assistance of counsel at sentencing, and (2) an error in Movant's PSR.

IV.    <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

5

constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that Movant validly waived his right to appeal and collaterally attack his conviction and sentence. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

6

V.  Conclusion

Based on the foregoing, I **RECOMMEND** that the motion to vacate [Doc. 34] be **DENIED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to me.

**IT IS SO RECOMMENDED**, this ___30th___ day of ___June___, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE